<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4721**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ERIC LAMONT SMITH,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:03-cr-00306-RLW)

Submitted: May 3, 2011          Decided: May 26, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Lamont Smith was convicted of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). He served his active sentence and was released to supervision on January 30, 2008. After learning Smith had been arrested on additional drug and firearm charges, his probation officer petitioned the district court to revoke supervised release. Smith admitted the violations, and the district court sentenced him to sixty months' imprisonment, the top of the U.S. Sentencing Guidelines Manual (2009) policy statement range. Smith noted a timely appeal.

Smith challenges the procedural reasonableness of his supervised release sentence. He argues that the district court failed to adequately consider the factors of 18 U.S.C. § 3553(a) (2006). He contends that the district court stated no particularized reason why the sentence selected was no greater than necessary, and he argues that the district court failed to consider that Smith had received a lengthy sentence for the offenses underlying his supervised release violations. Smith does not challenge the substantive reasonableness of his sentence.

2

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). Because Smith did not request a sentence different than the one ultimately imposed, his sentence is reviewed for plain error. See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). To establish plain error, Smith "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

We review the sentence for significant procedural error, including such errors as improperly calculating the policy statement range, failing to adequately explain the chosen sentence, and failing to "consider the helpful assistance contained in the [USSG] Chapter 7 policy statements along with the statutory requirements of [18 U.S.C.] § 3583 and the [18 U.S.C.] § 3553(a) factors applicable to revocation sentences." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted); see also Gall v. United States, 552 U.S. 38, 51 (2007). "A court need not be as detailed or

3

specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still 'must provide a statement of reasons for the sentence imposed.'" Thompson, 595 F.3d at 547 (quoting Moulden, 478 F.3d at 656).

We conclude that the district court adequately explained the sentence imposed. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). Here, Smith made no argument for a particular sentence, and only asked that the district court consider that he had received a fourteen-year sentence for the offenses comprising his supervised release violation. The district court clearly considered and rejected this argument, as reflected by the court's remark that the flagrancy of Smith's violations evidenced the necessity of a higher sentence "to promote respect for the law and provide for some deterrence."

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4